FERGUSON, Respondent, *v.* HANNIBAL AND ST. JOSEPH RAIL-
ROAD COMPANY, Appellant.

1. *Practice—Amendment at Trial.*—The amending of the pleadings at the
   trial is a matter within the discretion of the court, and its judgment will
   not be reviewed unless such discretion has been manifestly abused.
2. *Practice—Evidence—Issues.*—It is not error to refuse to admit evidence
   not relevant to the issues presented by the pleadings.

*Appeal from Buchanan Court of Common Pleas.*

This was a suit for a breach of contract in failing to trans-
port and deliver to plaintiff at St. Joseph, goods received by
defendant at Palmyra. Part of the goods received were de-
livered to the plaintiff, part having been taken by soldiers,
as alleged by defendant, from the dépôt at Palmyra.

*Carr*, for appellant.

*H. M. & A. H. Vories*, for appellee.

BAY, Judge, delivered the opinion of the court.

One of the principal grounds relied upon for a reversal of
the judgment in this case is the refusal of the court below
to permit the defendant to ask a witness if the plaintiff was
the owner of the goods in controversy at the time they were
left at the Palmyra dépôt for transportation. The petition
alleges that the goods were the goods of the plaintiff, and this
we think a sufficient allegation of ownership. The answer
does not traverse this allegation, and the fact of ownership
in the plaintiff is therefore admitted upon the record, and
the court properly refused the evidence as not applicable to
the issue made by the pleadings. The defendant then asked
leave to amend the answer so as to deny the ownership,
which was refused by the court, and this is also assigned as
error.

The question of amending pleadings, particularly after the
trial of a cause has commenced, must necessarily be confi-
ded to the discretion of the court; and this court held in

Dozier v. Jerman, 30 Mo. 218, that such discretion would not be controlled by us unless it appeared to have been manifestly abused.

In the case at bar the amendment tendered a new issue, which the plaintiff might not have been prepared to meet, and which, if allowed, might have forced him to a continuance, and the delay consequent thereon. We cannot therefore say that the discretion lodged in the inferior court was wrongfully or unsoundly exercised. The refusal of the court to permit the defendant to prove that at the time the goods were left at the Palmyra dépôt, it was unsafe for the company to receive goods for transportation from Palmyra to St. Joseph, is also assigned as error, but we are unable to see the relevancy of such testimony. The fact of its being unsafe, might afford a reasonable pretext for refusing to receive the freight; but having received it, it becomes wholly immaterial whether the company acted wisely or not.

Upon a careful examination of the instructions given in behalf of the plaintiff, we are unable to find any error which would warrant the court in reversing the judgment. The instructions given in behalf of the defendant are fully as favorable to it as the law would allow, if not more so.

Judge Dryden concurring, the judgment will be affirmed.